UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAMEKA MCCRAY,

                              Plaintiff,

        -versus-

Jawonio, Inc.,

                             Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

### NATURE OF ACTION

1. Shameka McCray ("Shameka") brings this action against Jawonio, Inc ("Jawonio") for discriminatory wrongful termination. Jawonio wrongfully fired Shameka because she was disabled under the Americans with Disabilities Act and N.Y. State Human Rights Law. As a result, she lost her income and has suffered from increased emotional distress. Now, Shameka wants to correct Jawonio's discriminatory conduct through this lawsuit.

### JURISDICTION AND VENUE

2. This action arises under 42 U.S.C §12101 (the "Americans With Disabilities Act" or "ADAAA") and N.Y. Exec. Law Art. 15 (the "N.Y.S. Human Rights Law" or "SHRL").

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C §12117(a).

4. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367.

5. The venue is proper in the Southern District of New York because the cause of action arose in Westchester County.

### THE PARTIES

6. Plaintiff Shameka McCray ("Shameka" or "Plaintiff") resides at 5 Whelen Place, Apt. 401Yonkers, NY 10703.

7. On information and belief, Defendant Jawonio, Inc. ("Defendant" or "Jawonio") is a New York State domestic not-for-profit corporation duly licensed to conduct business in the State of New York, and located at 176 S Broadway, Yonkers, NY 10701.

BACKGROUND FACTS

8. Defendant is an "employer" under the SHRL.

9. Defendant is an "employer" under the ADAAA.

10. Defendant is a not for profit school for disabled children.

11. At all relevant times, Defendant had the authority to:

    i. Hire Plaintiff.

    ii. Fire Plaintiff.

    iii. Determine Plaintiff's wages.

    iv. Maintain Plaintiff's payroll records.

12. At all relevant times, Defendant employed more than four employees.

13. At all relevant times, Defendant employed more than 15 employees.

14. Defendant employed Plaintiff.

15. Corporate Defendant hired Shameka in the 2011 calendar year as a "D.S.P." employee.

16. In the 2017 calendar year, Corporate Defendant promoted Shameka to the day habilitation specialist position.

17. On April 11, 2019, Shameka suffered a work-related accident when a vehicle crashed into the Jawonio vehicle she was driving.

18. Shameka sustained an injury in the accident that substantially limited her major life activities. For example, she cannot sit or stand for long periods, lift heavy objects, and requires physical therapy due to the injury.

19. As a result of the car accident, Shameka took medical leave from work on April 12, 2019. On June 11, 2019, Jawonio sent Shameka a letter requesting more information concerning Ms. McCray's medical restrictions. In response, Shameka secured a doctor's note returning her to work without restrictions, and she returned on July 1, 2019. However, she was in too much pain and went back out on leave on July 11, 2019. After that, Shameka switched medical providers to find better treatment.

20. After July 11, 2019, Shameka arranged with Jawonio to return to work with medical restrictions. Shameka could not drive long distances, so she could not perform her day habilitation position until her medical condition improved. Accordingly, Jawonio offered Shameka the opportunity to work in the Jawonio thrift store.

21. Shameka accepted the thrift store position. On July 22, 2019, Shameka attempted to return to work in the thrift store. When she arrived to work, the thrift store was closed for the day. Jawonio instructed Shameka to work as dayhab in the "front room," room 1 and 2 for the day. However, at 2:30 p.m. Shadrika, Shameka's supervisor, told Shameka that H.R. told her to tell Shameka to go home. Shameka asked if she was being fired, and Shadreka said no.

22. However, on July 23, 2019, Shameka received a phone call from Tanysha in human resources, who told Shameka that Jawonio could no longer accommodate her and was terminating her employment because of her disability.

23. After that, Jawonio sent Shameka a letter stating that they could not accommodate her disability because they believed she posed an undue harm to thrift store customers. They made this determination without engaging in the interactive process.

24. The reality is the thrift shop is a very lightly visited store that Jawonio used to teach disabled individuals job-related skills. There is little to no risk posed by Shameka's medical conditions, and she was terminated for her disability even though the accommodation was appropriate and available.

## **FIRST CAUSE OF ACTION**
**(Disability Discrimination)**
(SHRL §297(9))

25. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

26. Defendant unlawfully terminated Plaintiff because she is disabled.

27. According to the SHRL, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on her disability.

28. Defendant took an adverse employment action against Plaintiff when they fired her because of her disabilities.

29. Defendant also failed to accommodate Plaintiff's disability as required by the SHRL.

30. Plaintiff has suffered because of the Defendant's unlawful discriminatory conduct.

## **SECOND CAUSE OF ACTION**
**(Disability Discrimination)**
(42 U.S.C §12112(a)1Americans With Disabilities Act)

31. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

32. Defendant unlawfully terminated Plaintiff because she is disabled.

33. Under the Americans With Disabilities Act, Plaintiff was entitled to remain free from discriminatory adverse employment practices based on her disability.

34. Defendant took an adverse employment action against Plaintiff when they fired her because of her disability.

35. Plaintiff has suffered because of the Defendant's unlawful discriminatory conduct.

### THIRD CAUSE OF ACTION
### (Disability Discrimination- Failure to Accommodate)
(42 U.S.C §1211(b)(5)(A) Americans With Disabilities Act)

36. Plaintiff repeats, re-alleges, and reincorporates every allegation as though fully set forth herein.

37. Defendant failed to accommodate Plaintiff because she was disabled.

38. Under the Americans With Disabilities Act, Plaintiff was entitled to receive a reasonable accommodation to enable her to perform her job's essential functions while employed by Defendant.

39. Defendant took an adverse employment action against Plaintiff by failing to provide Plaintiff with a reasonable accommodation.

40. Because Defendant failed to accommodate Plaintiff, Plaintiff lost her job with Defendant.

41. Plaintiff has suffered harm because of Defendant's unlawful failure to accommodate Plaintiff's disability.

## **R**ELIEF **S**OUGHT

WHEREFORE, Plaintiff is seeking the following remedies under SHRL and the Americans with Disabilities Act:

i. Compensatory damages for all lost wages and fringe benefits;

ii. An award of front pay in an amount to be determined by a trier of fact;

iii. Compensation for emotional pain and suffering caused by Corporate Defendants' unlawful discriminatory actions;

iv. An award of punitive damages in an amount to be determined by a trier of fact;

v. An award of reasonable costs and attorneys fees incurred in bringing and maintaining this action; and

vi. All other equitable and legal relief to which the law entitles Plaintiff.

Dated: White Plains, New York
January 26, 2021

El-Hag & Associates, P.C,

By: *Jordan El-Hag*
Jordan El-Hag, Esq.
Attorney for Plaintiff
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com